The Honorable Barbara Horn State Senator Post Office Box 64 Foreman, Arkansas 71836-0064
Dear Senator Horn:
I am writing in response to your request for an opinion regarding the following questions relating to the effect of Acts 2007, No. 1038, which amended the Good Samaritan Act, A.C.A. § 17-95-101 (Supp. 2007):
 1. Pursuant to Act 1038 of 2007, does the term "LICENSE" also mean those who have certificates or are certified?
 2. Does the act extend to certified fire fighters, responders, etc. or only those health care professionals (EMTs — Paramedics, etc.) that are licensed?
You have posed these questions against the following reported factual background:
 An issue has arisen whereby responders, EMTs or Paramedics that receive certificates, not a license, are in doubt as to whether protection from the above act extends to them. Some cities are now prohibiting firefighters who are also first responders from giving any type of aid to victims when called to a fire or rescue situation.
RESPONSE
In my opinion, the answer to your first question is "yes," subject to the understanding that subsection (a) of the Good Samaritan Act, A.C.A. § 17-95-101, *Page 2 
will apply only if the certification or licensure is of a "health care professional" — a category whose precise scope invites legislative clarification. With respect to your second question, it is unclear precisely which categories of certified or licensed professionals will qualify as "health care professionals" subject to the Good Samaritan Act. In this regard, however, it appears that subsection (b) of the statute affords equal protection to uncompensated individuals who are not "health care professionals" so long as they render emergency assistance in good faith and in the absence of gross negligence or willful misconduct. In addition, various statutory immunity provisions may apply to such first responders as firefighters.
Question 1: Pursuant to Act 1038 of 2007, does the term "LICENSE"also mean those who have certificates or are certified?
In the attached Opinions Nos. 2007-174A and 2007-296, I directly addressed the effects on licensed or certified RNs, paramedics and EMTs of Act 1038 of 2007, which amended to read as follows what is known as the "Good Samaritan Act," A.C.A. § 17-95-101:
 (a) Any health care professional under the laws of the State of Arkansas who in good faith lends emergency care or assistance without compensation at the place of an emergency or accident shall not be liable for any civil damages for acts or omissions performed in good faith so long as any act or omission resulting from the rendering of emergency assistance or services was not grossly negligent or willful misconduct.
 (b) Any person who is not a health care professional who is present at an emergency or accident scene and who:
 (1) Believes that the life, health, and safety of an injured person or a person who is under imminent threat of danger could be aided by reasonable and accessible emergency procedures under the circumstances existing at the scene thereof; and
 (2) Proceeds to lend emergency assistance or service in a manner calculated in good faith to lessen or remove the immediate threat to the life, health, or safety of such a person, shall not be held liable in civil damages in any action in this state for any act or omission resulting from the rendering of emergency assistance or services *Page 3 
unless the act or omission was not in good faith and was the result of gross negligence or willful misconduct.
 (c) No health care professional who in good faith and without compensation renders voluntary emergency assistance to a participant in a school athletic event or contest at the site thereof or during transportation to a health care facility for an injury suffered in the course of the event or contest shall be liable for any civil damages as a result of any acts or omissions by that health care professional in rendering the emergency care. The immunity granted by this subsection shall not apply in the event of an act or omission constituting gross negligence.
 (d) For the purposes of this section, "health care professional" means a licensed physician, chiropractic physician, dentist, optometric physician, podiatric physician, and any other licensed health care professional.
As noted in my previous opinions, this statute appears designed in subsection (a) to afford "health care professionals" a limited exposure to liability when they render emergency care without compensation, in good faith, and without committing gross negligence or willful misconduct. In subsection (b), it further affords nonprofessional volunteers similar protection under the same circumstances.
At issue in your question is whether the term "health care professional" as defined in subsection (d) of this statute includes EMTs and paramedics. For reasons set forth in Opinion No. 2007-296, I believe the answer to this question is "yes."
Underlying your request appears to be a concern that the term "license" as used within the context of your question is in some material respect distinguishable from the term "certificate." In my opinion, this concern is unwarranted. Black's Law Dictionary (8th ed. 2004) defines the term "license" in pertinent part as follows:
 1. A permission . . . to commit some act that would otherwise be unlawful. . . .
 2. The certificate or document evidencing such permission. *Page 4 
This definition is in all respects consistent with the same dictionary's definition of a "certificate" as "[a] document certifying the bearer's status or authorization to act in a specified way (nursing certificate)." I believe these definitions apply directly to EMTs and paramedics, who have been certified by the state to perform professional health care services they would otherwise be legally barred from undertaking. However, in the absence of legislative or judicial guidance, this office cannot define the exact scope of the term "health care professional" as used in A.C.A. § 17-95-101.
Question 2: Does the act extend to certified fire fighters,responders, etc. or only those health care professionals (EMTs —Paramedics, etc.) that are licensed?
This question appears to assume what I suggested was the answer to your first question — namely, that EMT and paramedic certification amounts to licensure as a "health-care professional." As indicated in my response to your first question, I agree that EMTs and paramedics are licensed health-care professionals for purposes of applying subsection (a) of the Act.
Your current question is whether other types of certified professionals — "certified fire fighters, responders, etc." — likewise qualify as "health-care professionals" under the Act. Being unacquainted both with the particular types of responders referenced in your question and with the precise activities these responders are certified to perform, I am unable to provide a global answer to your question. Although it seems clear that certain other types of licensed or certified professionals — such as nurses, for instance — qualify as "health-care professionals," I cannot address which certified professions have provided healthcare training that might qualify the holders of the certificates as "health-care professionals." Part of my problem in responding in this regard is the fact that A.C.A. §17-95-101(d) defines the term "health care professional" in circular fashion, including in the definition "any other licensed health care professional." Legislative clarification regarding the scope of this category appears warranted.
Finally, I should note that you have not asked about, and I will not extensively address, the potential applicability in any given situation of various other statutes that afford qualified immunity to firefighters and others acting in their official capacities. For instance, A.C.A. § 16-5-501 (Repl. 1999) provides as follows: *Page 5 
 (a) No volunteer fire fighter or board member of a volunteer fire department, nor administrative personnel of a volunteer fire department, shall be civilly liable for personal injury or property damage resulting from any act or omission of a volunteer fire fighter in carrying out his or her official duties as a fire fighter if the act or omission was in good faith and did not constitute gross negligence.
 (b) The provisions of this section shall not apply to volunteer fire departments of incorporated cities or towns.
The potential application of certain other immunizing statutes will further need to be determined on a case-by-case basis. See, e.g., A.C.A. § 21-9-301 (Supp. 2007) (immunizing cities and city employees from certain liability except to the extent of liability insurance); A.C.A. § 16-6-101 through-105 (Repl. 1999) (immunizing qualified "volunteers" against liability for the actions of others and themselves under certain conditions); A.C.A. § 20-22-808(b) (Repl. 2005) (immunizing certified fire departments and their employees — a category that can include volunteer fire departments, see A.C.A. § 20-22-802(4) (Repl. 2005) — against acts or omissions at the scene of a fire that do not constitute "gross negligence, wanton conduct, or intentional wrongdoing").
Assistant Attorney General Jack Druff prepared the foregoing opinion, which I hereby approve.
Sincerely,
DUSTIN McDANIEL Attorney General

 *Page 1